UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MICHAEL BUXBAUM,

                Plaintiff,                                    **ORDER**
                                                                         25-cv-00960 (OEM) (TAM)

   -against-

ARTHUR HIRSCHLER,

                Defendant.
----------------------------------------------------------------X

ORELIA E. MERCHANT, United States District Judge:

      On February 19, 2025, pro se Plaintiff Michael Buxbaum ("Plaintiff") commenced this diversity action, asserting claims of legal malpractice and tortious interference with prospective economic advantage against Defendant Arthur Hirschler ("Defendant"). Complaint, ECF 1. On February 28, 2025, Plaintiff filed an Amended Complaint as a matter of course. ECF 10. Plaintiff then filed a proposed "Second Amended Complaint" ("SAC"), asserting diversity jurisdiction and expanding on the claims he previously asserted. ECF 13. The Magistrate Judge granted Plaintiff's leave to amend and made the SAC the operative pleading in this action. *See* Docket Order dated March 18, 2025.

      On April 23, 2025, Plaintiff filed a proposed "Third Amended Complaint," ECF 24, initially without seeking leave of this Court or obtaining Defendant's written consent as required under Federal Rule of Civil Procedure 15(a)(2). At the Court's direction, Plaintiff filed letters seeking leave of Court to further amend his complaint. ECF 29, 31.

      In the meantime, Defendant moved to dismiss the SAC for lack of subject-matter jurisdiction and for failure to state claims on which relief can be granted, asserting that there is no complete diversity of citizenship between him and Plaintiff because the parties are both residents

of New York and that, contrary to Plaintiff's allegations in the SAC, Plaintiff is not a resident of Florida. Defendant's Motion to Dismiss, ECF 28; Memorandum of Law, ECF 28-7.

On May 4, 2025, the Court directed Plaintiff to show cause by sworn declaration no later than May 13, 2025, why this action should not be dismissed for lack of subject-matter jurisdiction. *See* Order to Show Cause dated May 4, 2025. To date, Plaintiff has not complied with the Court's Order to Show Cause.

For the following reasons, Plaintiff's requests to further amend his complaint, ECF 29 and 31, are denied and Plaintiff is afforded the final opportunity to comply with this Court's Order to Show Cause.

## DISCUSSION

**A.    Plaintiff's Request to Amend is Denied**

Plaintiff seeks leave to amend his complaint to make the proposed "Third Amended Complaint" the operative complaint in this action. ECF 29, 31. In the proposed "Third Amended Complaint," Plaintiff invokes federal question jurisdiction by asserting claims under the Federal False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq*. The FCA allows private citizens known as relators to file *qui tam* actions, which are actions brought "on behalf of and in the name of the government" to enforce the provisions of the FCA while the "government remains the real party in interest." *U.S. ex rel Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1154 (2d Cir. 1993). The *qui tam* relator acts in a representative capacity and not on his own behalf. However, pro se litigants can only act on their own behalf and not for the benefit of any other party or interest. *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf"). Accordingly, a *qui tam* relator cannot proceed *pro se*. *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d

Cir. 2008) ("Because relators lack a personal interest in False Claims Act *qui tam* actions, . . . they are not entitled to proceed *pro se.*") (quoting *Minotti v. Lensink*, 895 F.2d 100, 104 (2d Cir. 1990)).

Because an individual proceeding pro cannot serve as a relator in *qui tam* claims under the FCA, this action must be dismissed under the FCA for lack of statutory standing. *See Chailla v. Navient Dep't of Educ.*, 791 F. App'x 226 (2d Cir. 2019) (affirming dismissal of *qui tam* action filed by *pro se* litigant); *Mercer v. Westchester Med. Ctr.*, 21-CV-2961 (LTS), 2021 WL 1864326, at *2 (S.D.N.Y. May 7, 2021) (dismissing pro se plaintiff's claims under the FCA for lack of statutory standing to assert qui tam claims); *U.S. ex rel. Rafael Manuel Pantoja v. Citigroup, Inc., et al.*, 12-CV-4964 (JG), slip op. (E.D.N.Y. Feb. 5, 2013) (dismissing *sua sponte* because *pro se* plaintiff cannot proceed as a relator in a *qui tam* case).

Moreover, FCA actions must follow stringent procedural requirements. For example, the person bringing the suit (the relator) must first file the action under seal and must formally bring the action "on behalf of" the United States – a procedure that is required to give the federal government the opportunity to intervene and prosecute the action itself if it so chooses. *See U.S. ex rel. Kolchinsky v. Moody's Corp.*, 162 F. Supp. 3d 186, 194-95 (S.D.N.Y. 2016). Plaintiff did not follow that procedure here. Failure to abide by such procedure requires courts to dismiss the action with prejudice. *U.S. ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 998-1000 (2d Cir. 1995) (concluding that the district court had abused its discretion when it dismissed an improperly filed qui tam action without prejudice); *U.S. ex rel. Le Blanc v. ITT Indus., Inc.*, 492 F. Supp. 2d 303, 308 (S.D.N.Y. 2007) ("[T]he complaint must be dismissed with prejudice because [of] relator's failure to comply with the statutory requirements of the False Claims Act."); *Eeon v. Fed. Rsrv. Bd.*, 17-CV-6611, 2018 WL 10050314, at *2 (S.D.N.Y. Apr. 4, 2018) ("[Q]ui tam

actions must be dismissed with prejudice where the party bringing the claim has not adhered to the statutory filing requirements.").

In light of Plaintiff's pro se status and the Court's obligations to liberally construe his filings, the Court has considered whether to grant Plaintiff leave to further amend his complaint or to obtain counsel to proceed as a *qui tam* relator. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). Here, based on a liberal reading of the proposed "Third Amended Complaint," further amendment would be futile as there is no indication that Plaintiff has not stated a plausible claim under the FCA. To state a claim under the False Claim Act, a "plaintiff must show… [the] defendants (1) made a claim, (2) to the United States Government, (3) that is false or fraudulent, (4) knowing of its falsity, and (5) seeking payment from the federal treasury." *United States ex rel. Kirk v. Schindler Elevator Corp.*, 601 F.3d 94, 113 (2d Cir. 2010) (cleaned up), *rev'd on other grounds*, 563 U.S. 401 (2011). Plaintiff fails to allege sufficient facts that Defendant brought a false claim or caused a false claim to the federal government to obtain or aid to obtain approval for such false claim and what rights of the Government were violated by Defendant's actions. None of Plaintiff's allegations even remotely implicate the FCA.

The Court finds that even if Plaintiff were represented by counsel, Plaintiff has not pleaded facts sufficient to state a plausible qui tam claim for relief under the FCA and an opportunity to amend will not cure them. *See Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) (holding that "better pleading will not cure" pro se plaintiff's "inadequately or inartfully" complaint because the "problem with plaintiff's causes of action is substantive" and therefore re-pleading would be futile); *see Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 124-25 (2d Cir. 2011). Therefore, Plaintiff's motion to amend his complaint to state an FCA claim is denied as futile. *McCord as Tr. of Est. of Haniff v. Gov't Emps. Ins. Co.*, 23-CV-5262 (MKB) (MMH), 2025 WL

696623, at *4 (E.D.N.Y. Feb. 6, 2025), *report and recommendation adopted*, 23-CV-5262 (MKB) (MMH), 2025 WL 691991 (E.D.N.Y. Mar. 3, 2025) ("Leave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact."); see also *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 726 (2d Cir. 2010)).

**B.     Plaintiff's Failure to Comply with the Court's Order to Show Cause**

The Second Amended Complaint therefore remains the operative pleading in this action. As the Court previously found in its Order to Show Cause, Defendant made a prima facie showing through declarations that Plaintiff is a resident of New York. Such a showing would destroy diversity jurisdiction in this action and require dismissal of this action. The Court afforded Plaintiff the opportunity to file a sworn declaration by May 13, 2025, with sufficient evidence demonstrating that he is a citizen of Florida as he alleged in the Second Amended Complaint. To date, Plaintiff has not complied with this Court's Order. However, because the Court's Order did not warn Plaintiff that failure to comply with the Order would result in dismissal of the action, this action may not be dismissed on that basis. *See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (dismissal of a *pro se* litigant's action may be appropriate "so long as a warning has been given that non-compliance can result in dismissal") (citation omitted). The Court will therefore provide Plaintiff a final opportunity to comply with the Court's Order.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff leave to file the proposed "Third Amended Complaint." Therefore, the Second Amended Complaint, ECF 13, remains the operative complaint in this action.

Accordingly, the Court hereby orders that by June 6, 2025, Plaintiff shall file a sworn declaration that provides the basis for asserting that this Court has diversity jurisdiction[1] with respect to the claims asserted in the Second Amended Complaint. Specifically, Plaintiff's sworn declaration must include *sufficient evidence* demonstrating that he is a citizen of Florida. Plaintiff is warned that failure to file a sworn declaration by June 6, 2025, will result in dismissal of this action for lack of diversity subject matter jurisdiction.

SO ORDERED.

May 31, 2025
Brooklyn, New York

/s/
ORELIA E. MERCHANT
United States District Judge

---

[1] For purposes of diversity jurisdiction, a party's citizenship is determined by their domicile. *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 53 (2d Cir. 2019). Even though a person's domicile can change, a person can have only one domicile at any moment in time. *Id.* A party alleging that they have changed their domicile has the burden of proving both that they intend to give up their old domicile and take up the new one and that they have an actual residence in the new locality. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). This change must be established by clear and convincing evidence. *Id.* In their motion to dismiss, Defendants assert that Plaintiff is actually a citizen of New York, and because Defendants are also citizens of New York, there is no basis for diversity jurisdiction. *See* Defs.' Mem. at 9-12. Defendants support their assertion with, among other things, a declaration stating that the address Plaintiff provided is a "strip mall" in Boca Raton, Florida. Defs.' Decl. at 4.